Richard T. Post, Respondent, *v.* The Brooklyn Heights Railroad Company, Appellant.

**Appeal — when errors of trial court will be disregarded.**

Unless an error upon a trial is so substantial as to raise a presumption of prejudice, it does not require a new trial and should be disregarded.
*Post* v. *Brooklyn Heights Railroad Company,* 122 App. Div. 914, affirmed.

(Argued February 25, 1909; decided March 16, 1909.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered December 14, 1907, affirming a judgment in favor of plaintiff entered upon a verdict, and an order denying a motion for a new trial.

This action was brought to recover damages for negligence resulting in personal injury, and at the opening of the case the defendant admitted " that the collision alleged in the complaint occurred because of the negligence of the defendant's servant or servants." No motion for a nonsuit, or to dismiss

the complaint, was made at the close of all the evidence, and during the charge of the court the counsel for the defendant expressly stated that no contributory negligence was claimed.

*D. A. Marsh* and *George D. Yeomans* for appellant.

*William B. Hurd, Jr.,* for respondent.

*Per Curiam.* There are errors in this record, but we find none calling for reversal, when the circumstances under which the erroneous rulings were made and their probable effect on the result are taken into account. Under our system of appeals every error does not require a new trial, for the vast judicial work of the state could not be done on that basis. Unless the error is so substantial as to raise a presumption of prejudice, it should be disregarded, for undue delay is a denial of justice. We think that the evidence received, subject to objection and exception, could have had no effect on the final result, for it did not change the material aspect of the case, or the standing of any witness, or the attitude of either party, in any respect, nor make the theory of either party more probable than it was before.

The judgment appealed from should be affirmed, with costs.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, HAIGHT, VANN, WILLARD BARTLETT and CHASE, JJ., concur.

Judgment affirmed.