BROWN v. NEWELL.

(Supreme Court, Appellate Division, Third Department. May 5, 1909.)

1. EVIDENCE (§ 318*)—HEARSAY—WRITINGS—SCIENTIFIC BOOKS.

A page from a scientific book on inks, admitted to show the effect of certain acids on an ink, was inadmissible as hearsay.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1198; Dec. Dig. § 318.*]

2. APPEAL AND ERROR (§ 1054*)—HARMLESS ERROR—ADMISSION OF EVIDENCE —PREJUDICIAL EFFECT—NOT AFFECTING RESULT.

The main issue in a trial without a jury was what the terms of an agreement of settlement between the parties were, and plaintiff introduced a memorandum to show its terms, which defendant claimed had been altered, and, to rebut the opinions of defendant's experts as to its genuineness, plaintiff put in evidence a page of a scientific book giving the effect of acids on inks. The evidence was sufficient to sustain plaintiff's contention as to the terms of the settlement without the memorandum. Held that, under the circumstances, error in admitting the page from the book could not affect the result, and was not prejudicial to defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4185; Dec. Dig. § 1054.*]

3. NEW TRIAL (§ 107*)—GROUNDS—NEWLY DISCOVERED EVIDENCE—CREDIBILITY.

Defendant moved for a new trial on the ground of newly discovered evidence in the form of alleged admissions by plaintiff, made before trial to one who had been employed by plaintiff, but was afterward employed by defendant and testified for him at trial, as well as new recollections of defendant to corroborate the alleged admissions. Held, that in view of the suspicious source of the testimony as to the alleged admissions, and of the other circumstances, a new trial was properly denied.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 225; Dec. Dig. § 107.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. NEW TRIAL (§ 102*)—GROUNDS—NEWLY DISCOVERED EVIDENCE.

That a party who testified for himself recollected something after a decision for the other party which he omitted to testify to at trial is not such newly discovered evidence as will authorize a new trial.

[Ed. Note.—For other cases, see New Trial, Dec. Dig. § 102.*]

Kellogg, J., dissenting.

Appeal from Trial Term, St. Lawrence County.

Action by H. Nelson Brown against Edgar A. Newell. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Affirmed.

The action was commenced to recover certain property alleged by the plaintiff to have been secured from him by the defendant by fraudulent statements and misrepresentations. After the commencement of such action, a settlement thereof was agreed upon between the parties. In carrying out the settlement, a dispute arose between them as to what the agreement was. At the opening of the trial, the parties stipulated that, although the complaint did not state the agreement of settlement, nevertheless, if the plaintiff proves the agreement as claimed by him, that a recovery might be had thereon, and that the question to be decided was what the agreement of settlement was, and that the recovery should be had only upon that agreement, and not upon the original fraud, as alleged. In May, 1904, the defendant sold to the plaintiff one-third of the shares of the capital stock of the W. H. Linton Company, of which the defendant was president, and in which one W. H. Linton owned some of the shares. In consideration of such sale of stock to the plaintiff, he conveyed to the defendant Newell a house and lot in Ogdensburg, and delivered to him his check for $200, and indorsed notes amounting with such check to $1,200. Newell retained title to such house and lot, but turned over to Linton for the shares the latter contributed to the plaintiff's one-third such check and indorsed notes, on which Linton realized the full sum of $1,200. It was part of the agreement of the sale of stock to the plaintiff that he would work for the company at $100 per month. He began work, and shortly became dissatisfied, claiming that the defendant had misrepresented the value of the property, and demanded a return to him of the house and lot and of the $1,200, and tendered back to the defendant the shares of stock that had been delivered to him. The demand not having been complied with, this action was commenced by the plaintiff to set aside the transfer of real estate and to recover the $1,200, besides damages. Thereafter the plaintiff and defendant met and made the agreement of settlement of the action, which was the subject of dispute here. According to the plaintiff's contention, that agreement was that he should assign to the defendant the certificate of stock which he had received; that the defendant should convey back to the plaintiff the real estate in question, pay back to him the amount he had received in wages, and that the defendant would return to the plaintiff the $1,200 by having Linton give back the $1,200 which the latter had realized on the indorsed notes and check that plaintiff had given to defendant, and which had been turned over to Linton. The defendant's contention with respect to the $1,200 was that he had agreed to procure Linton to give his notes to the plaintiff for that amount. The plaintiff in support of his contention put in evidence a memorandum claimed to be in the handwriting of the defendant of which the following is a copy: "Ogd. Oct. 15, 04. Will see that Mr. Linton gives back Twelve Hundred Dollars he took from him in notes. Will also make out a deed for the Washington and Franklin St. house in place of the one he gave me. Edgar A. Newell." The defendant admitted that this paper, except the word "back," was in his handwriting; but claimed that that word had been written over an erasure or over the word "note" or "notes," and therefore that the paper as produced was a forgery in that respect. The trial court made findings in support of the plaintiff's contention, and gave judgment in favor of the plaintiff for the

sum of $1,200 and interest, besides costs, from which the defendant has appealed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Vasco P. Abbott, for appellant.

D. B. Lucey, for respondent.

CHESTER, J. The questions as to the agreement of settlement and as to the memorandum in relation thereto are purely questions of fact. A careful examination of the testimony convinces us that the findings of the court with respect to these matters are supported by sufficient evidence.

The real question to be determined, of course, was what was the agreement of settlement. If we disregard entirely the memorandum and all of the conflicting testimony in relation to it, there still remains enough in the evidence in my opinion to justify the findings of the court in support of the plaintiff's contention. It is true that the plaintiff's testimony in relation to it was contradicted by the defendant, but there is quite strong corroboration of the plaintiff's contention to be found in the attending circumstances appearing from the evidence. This court, therefore, would not be justified in a reversal of the findings as against the weight of evidence, because the preponderance thereof is rather the other way.

The trial was largely devoted to the evidence and opinions of experts pro and con with respect to the memorandum, and this conflict rather overshadowed the main issue to be determined. Three experts were sworn upon each side. It is not essential to review their testimony, but some rulings with respect to evidence upon this branch of the case are called in question, only one of which it appears to me is of sufficient moment to require consideration. That was the ruling admitting in evidence a page from a certain scientific book on inks, which was received under objection, for the purpose of determining what effect certain acids would have on certain kinds of ink. While a witness for the defendant testified that generally speaking he agreed with the book in reference to acid tests upon nigrosine ink mentioned on the page in question, yet the evidence was purely hearsay, and should not have been received. Although we think it should have been excluded, we think its reception under the circumstances of this trial was not reversible error. The trial was before a court without a jury. It did not relate to the main issue to be determined, but was received to dispute the theories or opinions of the experts on the other side and for its bearing on the genuineness or falsity of the memorandum, and the only force or value of this depended upon whether it corroborated or failed to corroborate the conflicting theories of the respective parties as to the main issue. As indicated above, sufficient corroboration of plaintiff's contention is found to support the findings of the court if the memorandum had not been heard of on the trial. The error therefore cannot be fairly said to have influenced the result, and hence the judgment should not for that reason be reversed. Post v. Brooklyn Heights R. R. Co., 195 N. Y. 62, 87 N. E. 771.

There is also an appeal from an order denying the defendant's motion for a new trial, based upon newly discovered evidence. The new evidence is an admission against his interest alleged by one of the expert witnesses for the defendant to have been made by the plaintiff and some new recollections of the defendant in corroboration of the admission. The admission, if made at all, was made before the trial, and it is hardly a sufficient excuse to say that it was not used there because it had been forgotten, and the rules relating to new trials have never sanctioned granting one because a party who was sworn as a witness in his own behalf omitted to testify to something which, after an adverse decision, has been brought to his mind by a recollection refreshed. The alleged admission was made, if made at all, to a man who had been employed by the plaintiff, and who afterwards was employed and sworn as an expert for the defendant. Under such circumstances, the admission would be looked upon with great suspicion, and it could hardly be claimed that the evidence was of such a character or came from such a source that there would be a reasonable certainty of its changing the result on another trial.

We think the motion was properly disposed of at the Special Term, and that the judgment and order should be affirmed, with costs. All concur, except KELLOGG, J., dissenting in memorandum.

JOHN M. KELLOGG, J. (dissenting). The record discloses that the counsel upon both sides and the court very properly considered that the case turned upon the question whether the memorandum of settlement had been changed by the plaintiff, since it was written by the defendant. Two experts were called by the plaintiff and three by the defendant. Whether the word "note" had been erased by acids or otherwise and the word "back" substituted was by them deemed to be determined to quite an extent by the color of the ink and paper on and around the disputed word, and other words; and the effect of acids upon different qualities of ink was a question of much interest and importance. It was therefore clearly error to receive in evidence over the defendant's exception extracts from Fraser's book showing his views as to the effect of certain acids upon different inks. If the paper had been altered by the plaintiff, he is clearly not entitled to recover. The defendant's liability is clear if the paper has not been changed. Aside from the paper itself, it cannot be said that plaintiff has sustained the fair burden of proof which is necessary in order to entitle him to recover. The vital issue therefore was whether the paper had been altered, and Fraser's book was offered and received as evidence upon that subject. It was material evidence bearing directly upon the point in issue. I therefore favor a reversal of the judgment.